# IN THE COURT OF APPEALS OF IOWA

No. 22-1496
Filed November 17, 2022

**IN THE INTEREST OF A.H.,**
**Minor Child,**

**A.H., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Patricia Rolfstad, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Barbara Maness, Davenport, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights, asserting termination is not in the child's best interests. On our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we affirm.

The juvenile court terminated the mother's parental rights to her six-year-old child, A.H., on five separate grounds, including the mother's substance abuse, lack of contact with the child, and inability to resume care. The mother does not contest the grounds for termination have been established.[1] She claims termination is not in the child's best interests because of a continuing bond between the mother and child. She argues termination was only requested after the failure of a custody modification in concurrent district court proceedings.[2]

Our best-interests analysis is guided by statute, giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2) (2022). If the grounds for termination are established, "we cannot deprive a child of permanency . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.M.*, 843 N.W.2d at 112.

From the time of removal in December 2020, the mother spiraled downward, with a worsening mental-health condition exacerbated by self-

---

[1] Because the mother does not contest grounds for termination have been proved by clear and convincing evidence, we do not discuss this step of our analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

[2] A proposed joint stipulation for modification was filed in the concurrent proceedings, but during a hearing on the matter, the mother made statements withdrawing her consent, and the custody modification was denied.

medication with opiates and then methamphetamine. Her problems affected her visits with the child, and in May 2021, the child's therapist recommended stopping visits as they were harming the child. The mother has only seen the child briefly a couple times since visits stopped. The mother recently engaged in outpatient substance-abuse and mental-health programs and restarted medication for her mental health. The custodial father testified he would allow contact if the mother were clean and sober, but he was concerned she would not maintain sobriety based on her history.

The mother's unresolved mental-health issues and relapsing substance-abuse strongly affect her ability to parent the child in a healthy and consistent manner. The mother loves the child deeply but is in no position to provide the safe, stable home the child deserves. Termination of the mother's parental rights will best provide for the physical, mental, and emotional condition and needs of the child and further the child's long-term nurturing and growth. We thus affirm.

**AFFIRMED.**